UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMEO RIGHTEOUS HICKS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RAVEN GRETCHEN LEE,<br><br>　　　　　Defendant. | Case No. EDCV 21-0063 AB (RAO)<br><br>MEMORANDUM AND ORDER RE SUMMARY DISMISSAL |

　　　　On January 12, 2021, Plaintiff Romeo Righteous Hicks ("Plaintiff"), a prisoner proceeding *pro se*, filed a civil rights complaint ("Complaint"). Compl., Dkt. No. 1. Plaintiff did not pay the filing fee or file a request to proceed *in forma pauperis*. *See* Dkt. No. 2. For the following reasons, the Complaint is dismissed without leave to amend.

　　　　Plaintiff sues his mother, Raven Gretchen Lee ("Defendant Lee"), pursuant to 42 U.S.C. § 1983. Compl. at 3. The Complaint sets forth a narrative of past events between Plaintiff and his mother, dating back to Plaintiff's childhood.

　　　　Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State …, subjects, or causes to be subjected, any citizen of the United States or

> other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law[.]

42 U.S.C. § 1983. To state a claim pursuant to Section 1983, a plaintiff must allege that the defendant, acting under color of state law, caused a deprivation of the plaintiff's federal rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The Complaint names as the sole defendant Plaintiff's mother and is devoid of any facts alleging that Defendant Lee acted "under color of state law." Compl. at 1, 3. "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful' . . . ." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)); *see also Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974) (en banc) ("[P]urely private conduct, no matter how wrongful, is not within the protective orbit of section 1983.")). Absent any allegations that Defendant Lee was a state actor, Plaintiff fails to allege a cognizable Section 1983 claim. *See Price v. Hawaii*, 939 F.2d 702, 70708 (9th Cir. 1991) (as amended) ("[P]rivate parties are not generally acting under color of state law, and we have stated that '[c]onclusory allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act.'") (citation omitted).

Because the Court is persuaded that Plaintiff would be unable to allege any facts against Defendant Lee based upon the allegations in the Complaint, amendment would be futile. *See Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

///

///

///

2

1 | Based on the foregoing, IT IS ORDERED THAT the Complaint is
2 | **DISMISSED**.

4 | DATED: January 19, 2021

_____
ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE

3